IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMIE HUNT, | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 3:23-cv-00513 |
| ELECTRIC POWER BOARD OF METROPOLITAN NASHVILLE AND DAVIDSON COUNTY d/b/a NASHVILLE ELECTRIC SERVICE, | ) Judge Aleta A. Trauger ) ) Jury Demanded |
| Defendant. | ) |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

COMES NOW Defendant Electric Power Board of Metropolitan Nashville and Davidson County d/b/a Nashville Electric Serve ("NES" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully moves this Court to dismiss Count IV of the Complaint in its entirety, which asserts a claim for common law negligence, Counts I and II of the Complaint as they relate to a claim under § 1981, and Plaintiff's request for an award of punitive damages in the Complaint of Plaintiff Jimmie Hunt ("Plaintiff" or "Hunt"). (Doc. 1).

For the reasons set forth more fully in NES's contemporaneously filed Memorandum of Law in Support of Defendant's Partial Motion to Dismiss, NES respectfully requests that this Honorable Court dismiss Count IV of Plaintiff's Complaint, which contains a common law negligence claim, for two independent reasons: first, Plaintiff's negligence claim is grounded on the same exact set of operative facts as his Title VII and/or Tennessee Human Rights Act ("THRA") claims and is therefore preempted by either the Tennessee Worker's Compensation Act and/or the THRA, which is the appropriate mechanism for Plaintiff to seek relief for such allegations. In addition, Plaintiff fails to plead at least two of the required elements to establish a claim for negligence. As such, Plaintiff's negligence claim fails as a matter of law and must be

dismissed.

In addition, Defendant requests this Honorable Court dismiss Plaintiff's § 1981 claims contained in Counts I and II of Plaintiff's Complaint. As established more fully in the accompanying memorandum of law, NES is a state actor and/or a governmental unit and, as such, § 1981 claims cannot be independently maintained against it.

Finally, Plaintiff cannot make a cognizable claim for punitive damages in this action and his request for punitive damages must be dismissed pursuant to Rule 12(b)(6). Because NES is a state actor and/or a governmental unit, it is immune from an award of punitive damages.

As set forth more fully in the contemporaneously filed memorandum of law, NES requests Plaintiff's claim in Count IV of his Complaint be dismissed in its entirety, Counts I and II of the Complaint be dismissed inasmuch as they relate to a claim under § 1981, Plaintiff's request for punitive damages be dismissed, it be granted attorneys' fees, and that the Court grant it such general and equitable relief as this Court deems just and appropriate.

Dated: December 22, 2023

Respectfully submitted,

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/ Mary Dohner Smith*
Mary Dohner Smith, TN BPR No. 021451
William A. Blue, Jr., TN BPR No. 10378
Jacob A. Freeland, TN BPR No. 039696
750 Old Hickory Blvd. Ste. 260-2
Brentwood, TN 37027
615.340.3800
zblue@constangy.com
mdohner@constangy.com
jfreeland@constangy.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of **DEFENDANT'S PARTIAL MOTION TO DISMISS** has been served on the below individuals via the Court's electronic filing system and/or United States Postal Service, first-class postage prepaid, on December 22, 2023.

      Ashley L. Upkins
aupkins@cochranfirmnashville.com
The Cochran Firm – Nashville, LLC
1720 West End Avenue, Suite 320
Nashville, TN 37203
(615) 678-6278

      Brian C. Winfrey
brian@thewinfreyfirm.com
bwinfrey@forthepeople.com
810 Broadway, Ste. 105
Nashville, TN 37203
(615) 601-1276

*Plaintiff's Counsel*

      *s/ Mary Dohner-Smith*
Mary Dohner-Smith