# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JIMMIE HUNT, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 3:23-cv-00513 |
| | ) Judge Aleta A. Trauger |
| ELECTRIC POWER BOARD OF METROPOLITAN NASHVILLE AND DAVIDSON COUNTY d/b/a NASHVILLE ELECTRIC SERVICE, | ) JURY DEMAND |
|       Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant the Electric Power Board of Metropolitan Nashville and Davidson County, using the service name Nashville Electric Service ("NES" or "Defendant"), by and through undersigned counsel, answers Plaintiff's Amended Complaint as follows:

1. As to Paragraph 1 of the Amended Complaint, NES admits that Plaintiff has brought this action against NES pursuant to the statutes listed in Paragraph 1. NES denies all allegations or inferences of wrongdoing, denies it violated the statutes listed in Paragraph 1, and denies Plaintiff is entitled to any relief whatsoever. To the extent this paragraph implies liability in any way, it is denied.

2. Paragraph 2 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES admits Plaintiff is a black employee. The remainder of the allegations contained in Paragraph 2 are denied. To the extent this paragraph implies liability in any way, it is denied.

## PARTIES, JURISDICTION AND VENUE

3. As to Paragraph 3 of the Amended Complaint, NES admits this Court has jurisdiction to hear Plaintiff's claims. NES denies it engaged in any wrongdoing, denies it violated the cited statutes, and denies Plaintiff is entitled to any relief whatsoever. To the extent this paragraph implies liability in any way, it is denied.

4. As to Paragraph 4 of the Amended Complaint, NES admits this Court is a proper venue to hear Plaintiff's claims. NES denies it engaged in any wrongdoing, denies it violated the cited statutes, and denies Plaintiff is entitled to any relief whatsoever. To the extent this paragraph implies liability in any way, it is denied.

5. The allegations contained in Paragraph 5 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

6. Paragraph 6 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, upon information and belief, NES admits Plaintiff is a resident of Tennessee, and admits it currently employs Plaintiff and did so during all times material to this action. The remainder of the allegations contained in Paragraph 6 are denied. To the extent this paragraph implies liability in any way, it is denied.

7. As to Paragraph 7 of the Amended Complaint, NES admits it is a municipally owned, not-for-profit public power provider. The remainder of the allegations contained in Paragraph 7 are denied. To the extent this paragraph implies liability in any way, it is denied.

8. Paragraph 8 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES admits it is Plaintiff's employer. The remainder of the allegations contained in Paragraph 8 are denied. To the extent this paragraph implies liability in any way, it is denied.

9. As to Paragraph 9, NES admits only that Plaintiff filed a charge of discrimination, which speaks for itself, and was issued a Right to Sue, which speaks for itself. The remainder of the allegations contained in Paragraph 9 are denied. To the extent this paragraph implies liability in any way, it is denied.

10. Paragraph 10 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES admits only that Plaintiff was issued a Right to Sue, which speaks for itself, and filed his original complaint on May 20, 2023. The remainder of the allegations contained in Paragraph 10 are denied. To the extent this paragraph implies liability in any way, it is denied.

## STATEMENT OF FACTS

11. The allegations contained in Paragraph 11 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

12. The allegations contained in Paragraph 12 of the Amended Complaint are admitted. To the extent this paragraph implies liability in any way, it is denied.

13. As to Paragraph 13, NES is without sufficient knowledge as to Plaintiff's previous experience prior to joining NES and as a result, these allegations are denied. To the extent this paragraph implies liability in any way, it is denied.

14. As to Paragraph 14, NES admits that Plaintiff is a Safety Supervisor Coordinator. To the extent this paragraph implies liability in any way, it is denied.

15. As to Paragraph 15, NES admits only that Plaintiff has performed satisfactorily and was not selected for certain promotions because he was not the most qualified candidate. The remainder of the allegations contained in Paragraph 15 are denied. To the extent this paragraph implies liability in any way, it is denied.

16. The allegations contained in Paragraph 16 of the Amended Complaint are denied.

17. The allegations contained in Paragraph 17 of the Amended Complaint are denied.

18. The allegations contained in Paragraph 18 of the Amended Complaint are denied.

19. The allegations contained in Paragraph 19 of the Amended Complaint are denied.

20. The allegations contained in Paragraph 20 of the Amended Complaint are denied.

21. The allegations contained in Paragraph 21 of the Amended Complaint are denied.

22. The allegations contained in Paragraph 22 of the Amended Complaint are denied.

23. The allegations contained in Paragraph 23 of the Amended Complaint are denied.

24. The allegations contained in Paragraph 24 of the Amended Complaint are denied.

25. The allegations contained in Paragraph 25 of the Amended Complaint are denied.

26. The allegations contained in Paragraph 26 of the Amended Complaint are denied.

27. The allegations contained in Paragraph 27 of the Amended Complaint are denied.

28. The allegations contained in Paragraph 28 of the Amended Complaint are denied.

29. Paragraph 29 includes legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, the allegations contained in Paragraph 29 are denied. NES specifically denies Plaintiff was not promoted because of his race.

30. As to Paragraph 30, NES admits Plaintiff was not qualified for the position and thus, was not able to certify for the position. The remainder of the allegations contained in paragraph 30 are denied. To the extent this paragraph implies liability in any way, it is denied.

31. The allegations contained in Paragraph 31 of the Amended Complaint are denied.

32. The allegations contained in Paragraph 32 of the Amended Complaint are denied.

33. The allegations contained in Paragraph 33 of the Amended Complaint are denied.

34. As to Paragraph 34, NES admits performance evaluations are one factor considered in the promotion process. The remainder of the allegations contained in Paragraph 34 are denied. To the extent this paragraph implies liability in any way, it is denied.

35. As to Paragraph 35, NES admits only that Plaintiff once received a "Good" performance rating. The remainder of the allegations contained in Paragraph 35 are denied. To the extent this paragraph implies liability in any way, it is denied.

36. As to Paragraph 36 of the Amended Complaint, NES admits only that Herbert DeBerry changed Plaintiff's rating to a "Very Good." The remainder of the allegations contained in Paragraph 36 are denied. To the extent this paragraph implies liability in any way, it is denied.

37. The allegations contained in Paragraph 37 of the Amended Complaint are denied.

38. As to Paragraph 38 of the Amended Complaint, NES admits only that Plaintiff expressed general concerns regarding the certification and promotion process at NES, none of which related to race. The remainder of the allegations contained in Paragraph 38 are denied. To the extent this paragraph implies liability in any way, it is denied.

39. As to Paragraph 39 of the Amended Complaint, NES admits only that Plaintiff expressed general concerns regarding the certification and promotion process at NES, none of which related to race. The remainder of the allegations contained in Paragraph 39 are denied, To the extent this paragraph implies liability in any way, it is denied.

40. As to Paragraph 40, NES is without information sufficient to form a belief as to what Plaintiff believes he "learned" regarding other individuals and thus, these allegations are denied. NES specifically denies any allegation or inference that African American employees were subject to discrimination or hostile treatment due to their race.

41. As to Paragraph 41, NES is without information sufficient to form a belief as to who Plaintiff may or may not have spoken with and as a result, these allegations are denied. NES specifically denies African Americans have been subject to discrimination.

42. The allegations contained in Paragraph 42 of the Amended Complaint are denied.

43. As to Paragraph 43, NES admits that in his role as Safety Supervisor, Plaintiff was in a position to receive concerns raised by employees and responded to a report from an employee regarding a noose found at the Donelson Service Center. The remainder of the allegations contained in Paragraph 43 are denied. To the extent this paragraph implies liability in any way, it is denied.

44. As to Paragraph 44, NES admits that in his role as Safety Supervisor, Plaintiff was notified by an employee of a noose found at the Donelson Service Center. The remainder of the allegations contained in Paragraph 44 are denied. To the extent this paragraph implies liability in any way, it is denied.

45. As to Paragraph 45, NES admits that a noose is a disturbing symbol for most people, and that NES prohibits the display of such symbols in the workplace. To the extent this paragraph implies liability in any way, it is denied.

46. As to Paragraph 46, NES admits that in his role as Safety Supervisor, Plaintiff received and responded to a report from an employee regarding a noose found at the Donelson Service Center. The remainder of the allegations contained in Paragraph 46 are denied. To the extent this paragraph implies liability in any way, it is denied.

47. As to Paragraph 47, NES admits that in his capacity as the Safety Supervisor, Plaintiff had conversations with Sara Elliott, Herbert DeBerry, and DeCosta Jenkins about the report from an employee of a noose found at the Donelson Service Center. The remainder of the

allegations contained in Paragraph 47 are denied. To the extent this paragraph implies liability in any way, it is denied.

48. As to Paragraph 48, NES is without information sufficient to form a belief as to any alleged "knowledge" that circulated among NES employees and thus, these allegations are denied. NES specifically denies any inference that members of management "circulated knowledge" of the matter to NES employees.

49. As to Paragraph 49, NES is without information sufficient to form a belief as to unidentified employees' knowledge of the noose or their feelings in response to such knowledge and as a result, these allegations are denied.

50. As to Paragraph 50, NES admits that in his capacity as a Safety Supervisor, Plaintiff retrieved the noose and gave it to Herbert DeBerry. The remainder of the allegations contained in Paragraph 50 are denied. To the extent this paragraph implies liability in any way, it is denied.

51. As to Paragraph 51, NES admits only that in this capacity as a Safety Supervisor, Plaintiff received a report from an employee regarding a noose at the Donelson Service Center and was involved in responding to the report. The remaining allegations contained in Paragraph 51 are denied. NES specifically denies no corrective action was taken and states NES management did take corrective action. To the extent this paragraph implies liability in any way, it is denied.

52. The allegations contained in Paragraph 52 of the Amended Complaint are denied.

53. The allegations contained in Paragraph 53 of the Amended Complaint are denied.

54. As to Paragraph 54, NES admits only that Plaintiff in his role as Safety Supervisor was aware that Stephen Clark issued Walter Clark a Safety Offense violation due to an incident that occurred in March of 2023. The remainder of the allegations contained in Paragraph 54 are denied. To the extent this paragraph implies liability in any way, it is denied.

55. The allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. As to Paragraph 56, NES admits only that Plaintiff voiced his disagreement with the recommended disciplinary action issued to Walter Clark. The remainder of the allegations contained in Paragraph 56 are denied. To the extent this paragraph implies liability in any way, it is denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58. The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59. The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60. Paragraph 60 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 60. NES specifically denies Plaintiff has been subject to a hostile environment, racial comments and discrimination.

61. Paragraph 61 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 61. NES specifically denies Plaintiff has been subject to race harassment or discrimination.

62. Paragraph 62 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the remaining allegations contained in Paragraph 62. NES specifically denies African Americans have been subjected to race discrimination.

63. As to Paragraph 63, NES admits only that a report was made regarding Ty Jones using the "not equal" sign in his email profile. NES specifically denies Ty Jones' doing so had anything to do with race as NES's investigation resulted in an opposite conclusion. The remainder

8

of the allegations contained in Paragraph 63 are denied. To the extent this paragraph implies liability in any way, it is denied.

64. As to Paragraph 64, NES is without information sufficient to form a belief as to what the Anti-Defamation League claims regarding the "Not Equal" symbol and questions whether Plaintiff consulted the Anti-Defamation League at the time of Ty Jones use of the symbol. NES specifically denies Ty Jones used the symbol as an expression of "white supremacy" or an attempt to imply "that different races are not equal to each other" inferring the white race is superior as NES's investigation resulted in an opposite conclusion. The remainder of the allegations contained in Paragraph 64 are denied. To the extent this paragraph implies liability in any way, it is denied.

65. As to Paragraph 65, NES specifically denies the allegation that no action was taken in response to the report of Ty Jones use of the "unequal sign." NES conducted an investigation and coached/counseled Mr. Jones. The remainder of the allegations contained in Paragraph 65 are denied. To the extent this paragraph implies liability in any way, it is denied.

66. Paragraph 66 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 66. NES specifically denies Plaintiff has been subject to race discrimination.

67. Paragraph 67 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the remaining allegations contained in Paragraph 67. NES specifically denies Plaintiff has been subject to race harassment or discrimination and denies he is entitled to any relief whatsoever.

68. Paragraph 68 contains legal conclusions requiring neither admission nor denial. Even so, to the extent a response is required, NES denies the remaining allegations contained in

9

Paragraph 68. NES specifically denies Plaintiff has been subject to race harassment or discrimination and denies Plaintiff is entitled to any relief whatsoever.

## COUNT ONE: DENIAL OF EQUAL PROTECTION GUARANTEED BY THE FOURTHEENTH AMENDMENT IN VIOLATION OF 42 U.S.C. § 1983

69. NES hereby incorporates by reference its admissions and denials contained in Paragraphs 1 through 68.

70. Paragraph 70 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 70.

71. Paragraph 71 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 71.

72. Paragraph 72 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 72.

73. Paragraph 73 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 73.

74. Paragraph 74 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 74.

75. Paragraph 75 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 75.

76. Paragraph 76 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 76.

77. Paragraph 77 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 77.

78. Paragraph 78 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 78.

79. The allegations contained in Paragraph 79 are denied.

80. Paragraph 80 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 80.

81. Paragraph 81 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 81.

**COUNT TWO: RACIALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1983, TITLE VII OF THE CIVIL RIGHT ACT OF 1964, 42 U.S.C. § 2000E, et seq., and THE TENNESSEE HUMAN RIGHTS ACT, TENN. CODE ANN. § 4-21-101, et seq.**

82. NES hereby incorporates by reference its admissions and denials contained in Paragraphs 1 through 81.

83. As to Paragraph 83, NES admits Plaintiff is a black man. To the extent this paragraph implies liability in any way, it is denied.

84. Paragraph 84 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 84.

85. Paragraph 85 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 85.

86. Paragraph 86 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 86.

87. The allegations contained in Paragraph 87 of the Amended Complaint are denied.

88. The allegations contained in Paragraph 88 of the Amended Complaint are denied.

89 Paragraph 89 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 89.

90. Paragraph 90 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 90.

91. Paragraph 91 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 91.

92. Paragraph 92 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 92.

93. Paragraph 93 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 93. NES specifically denies Plaintiff is entitled to any relief whatsoever.

**COUNT THREE: RACE DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHT ACT OF 1964, 42 U.S.C. § 2000E, et seq., and
THE TENNESSEE HUMAN RIGHTS ACT, TENN. CODE ANN. § 4-21-101, et seq.**

94. NES hereby incorporates by reference its admissions and denials contained in Paragraphs 1 through 93.

95. As to Paragraph 95, NES admits Plaintiff is a black man. To the extent this paragraph implies liability in any way, it is denied

96. Paragraph 96 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 96.

97. Paragraph 97 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 97.

98. Paragraph 98 consists of legal conclusions requiring neither admission nor denial by NES. Even so, to the extent a response is required, NES denies the allegations contained in Paragraph 98. NES specifically denies Plaintiff is entitled to any relief whatsoever.

99. The remainder of the Amended Complaint consists of a prayer for relief which requires neither admission nor denial by NES. Nonetheless, NES denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

Any Amended Complaint allegations not expressly admitted are denied in their entirety.

## DEFENSES

Without admitting or suggesting that it bears the burden of proof on any of the following issues, NES asserts the following additional and/or affirmative defenses to Plaintiff's Amended Complaint:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the claims alleged in the Amended Complaint may be barred by the applicable statute of limitations.

## THIRD DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain his claims, or failed to exhaust administrative remedies, such claims are barred.

## FOURTH DEFENSE

All or some claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC are barred and fail to state a claim on which relief can be granted.

## FIFTH DEFENSE

Any alleged harassing conduct by employees or managers as alleged in the Amended Complaint was outside the scope of those employees' or managers' employment.

14

### SIXTH DEFENSE

At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

### SEVENTH DEFENSE

At all times relevant hereto, Defendant had specific policies and procedures in place protecting against unlawful discrimination, harassment, and retaliation which were well known to Plaintiff and NES management.

### EIGHTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged harassment, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or avoid harm otherwise.

### NINTH DEFENSE

Plaintiff was not subjected to conduct severe or pervasive as to create an objectively hostile or abusive work environment.

### TENTH DEFENSE

Plaintiff cannot establish employer liability for any alleged harassment by co-workers, contractors or members of management outside of Plaintiff's line of supervision because NES took action reasonably calculated to prevent and correct any alleged harassing conduct.

### ELEVENTH DEFENSE

Plaintiff's failure to promote claim fails because NES selected more qualified candidates for promotion.

## TWELVTH DEFENSE

Plaintiff's failure to promote claim fails because NES had legitimate non-discriminatory reasons for selecting other candidates over Plaintiff in that the selected candidates were more qualified.

## THIRTEENTH DEFENSE

Plaintiff lacks standing to file claims of discrimination, harassment and/or retaliation based upon alleged conduct aimed at other employees.

## FOURTEENTH DEFENSE

Plaintiff cannot establish a claim under 42 U.S.C. 1983 because NES does not have a custom or policy providing for discrimination or harassment.

## FIFTEENTH DEFENSE

Plaintiff cannot establish a claim under 42 U.S.C. 1983 because NES has not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

## SIXTEENTH DEFENSE

NES and its employees acted in the lawful exercise of their discretion and as a result NES is entitled to governmental immunity.

## SEVENTEENTH DEFENSE

To the extent Plaintiff asserts a discrimination claim involving an action other than failure to promote, Plaintiff's discrimination claim fails because he has not been subject to any materially adverse employment action.

## EIGHTEENTH DEFENSE

To the extent Plaintiff asserts a discrimination claim involving an action other than failure to promote, Plaintiff's discrimination claim fails because he cannot establish similarly situated individuals outside his protected category were treated more favorably.

## NINTEENTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, such failure bars, or at least reduces, recovery of such damages.

## TWENTIETH DEFENSE

To the extent NES acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

## TWENTY FIRST DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant requests the Court dismiss Plaintiff's claims and award Defendant its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

**Signature on next page.**

Dated: March 21, 2024                    Respectfully submitted,

*/s Mary Dohner-Smith*
Mary Dohner Smith, TN BPR No. 021451
William A. Blue, Jr., TN BPR No. 10378
Jacob A. Freeland, TN BPR No. 039696

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
750 Old Hickory Blvd. Ste. 260-2
Brentwood, TN 37027
615.340.3800
zblue@constangy.com
mdohner@constangy.com
jfreeland@constangy.com


*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document **Defendant's Answer to Plaintiff's Amended Complaint** has been furnished to counsel for the Plaintiff listed below via the Court's electronic filing system and/or United States Postal Service, first-class postage prepaid, on this 21st day of March, 2024.

> Anne Bennett Hunter
> 101 Creekside Crossing
> Suite 1700-307
> Brentwood, TN 37027
> anne@hunteremploymentlaw.com
>
> Jesse Harbison
> P.O. Box 68251
> Nashville, TN 37206
> jesse@jesseharbisonlaw.com
>
> Attorneys for Plaintiff

*s/Mary Dohner-Smith*
Mary Dohner-Smith